## BARR *versus* WHITE.

Although the Supreme Court will not examine into the merits of an application to an inferior Court, for a new trial; yet the competency of such Court to grant it, is a proper subject of revision.

By the practice of the Courts of this State, the term of the Court is the limit within which the power of granting new trials is to be exercised.

Whether in a proceeding before a Justice of the Peace for forcible entry and detainer, the Justice has the discretionary power of granting a new trial on merits—*Quære.*

Where, after a judgment for defendant, on unlawful detainer, a Justice, (after three days consideration) granted a new trial to plaintiff, and gave a new judgment, without notice to defendant; held to be error.

White, the defendant in error, instituted a proceeding for unlawful detainer, before a Justice of the Peace in Pickens county; which, on trial by a jury, resulted in favor of the defendant. Several days after the rendition of the judgment, the Justice, considered and granted a new trial to the plaintiff, and thereon the latter obtained a verdict. On *certiorari* to the Circuit Court, the decision of the inferior Court was affirmed, and the defendant brought the case to this Court, by writ of error.

By Mr. Justice THORNTON:

This was a proceeding had under the statute of forcible entry and detainer, by which a Justice of the Peace is constituted a special Court, to try that matter. It was brought by *certiorari* into the Circuit Court, where upon motion to dismiss the errors assigned, they were so dismissed, (as the record states it) and judgment entered in affirmance of the judgment of the Justice of the Peace. It is not material, I apprehend, that the mode of trial in the Circuit Court, was by *motion, as stated,* instead of, upon a formal joinder in error. The result, which was an

affirmance of the judgment of the Justice, is all that we deem it important to consider.

There were many matters assigned for error on the record of the proceedings had before the special Court; but we think it is unnecessary to notice more, than relates to the granting of the new trial by that tribunal, as is set forth on the record.

It appears, that on the 25th of January, 1833, a trial was had, and concluded by a verdict, and judgment entered thereon, and signed by the justice. That on the next day a motion was made, upon an affidavit of surprise, by the defendant in error, for a new trial. Argument is heard on this motion by the attorneys of both parties, and the Justice takes an *advisare.* Three days thereafter, viz. on the 29th of the same month, he determined to grant the new trial, and informed the parties of this determination. The record shews, that on the 9th of February following, a second trial was had, at which there was no appearance by the plaintiff in error, though solemnly called. The only notice, or proof of knowledge on the part of the plaintiff in error, that the 9th of February was the time, at which this second trial was to take place, which the record discloses, is a process issued by the Justice, commanding the sheriff to summons him, to appear and defend, and on the 25th of January, 1833, which was an impossible time.

The statute creating this special Court for the trial of forcible entry and detainer, does not expressly grant the power of allowing a verdict to be set aside after being rendered, and a new trial to be had. It is entirely silent on the subject.

I find great contrariety in the decisions of the Courts, as to the extent of the powers of inferior tribunals in regard to this matter.

In 2 *Salk.* 650—*Viner's Abridgment, title Trial,* and in 6*th Bacon's Abridgment, same Title,* C58, and in other English authorities, I find the position laid down without qualification, that a new trial cannot be granted by inferior Courts.

In *Tidd's Practice,* vol. 2, 810, and 1st vol. *ib.* 478, it is said that verdict may be set aside, and new trial granted, for irregularity, but not on the merits.

In 1st *Burr.* 568, (*Rex* vs. *Peters*) it may be deduced from the opinion of the Justices, that a new trial may be granted by inferior Courts, not only for irregularity, but for surprise ; and in *Doug.* 354, such seems to be the admitted doctrine.

In 1st *Johnson's Cases,* 179, 181, 241, it is decided, that the Sessions Court of New-York, being an inferior Court, cannot grant a new trial on the merits. See also *New-York Cases in Error,* 319, and 2 *Johnson's Reports,* 371, where the same principle is recognised.

The reason on which the doctrine rests, as may be gleaned from those authorities, seems to be, that there is an ample redress provided for this matter, by virtue of the controlling powers inherent in the superior tribunals. If the verdict be against evidence, &c. the whole case case may be taken up to the superior tribunals, and a trial *de novo,* be there had. It must be observed, that in this case, there is no such mode of redress ; for the only effect, of the mode appointed to take the cause into the superior tribunal, that is by *certiorari,* is to correct errors of law apparent on the record. In this view of the matter it would seem that there is danger of a failure of justice, unless a new trial can be granted, especially in cases of surprise. I am inclined to think, that the same reasoning which induced a departure from the doctrine

as once held, that no new trial could be granted after a trial at bar, would warrant the allowance of new trials in special, or inferior Courts, wherever, as in the case before us, there is no means by *certiorari*, or otherwise, to redress the grivance.[a] But, we decline any positive expression of opinion upon this point, as it is not necessary to a decision of the case that we should do so. For, even if it be allowable to grant new trials in this proceeding, it was, we are satisfied, erroneous to have set aside the first verdict and judgment, and to have proceeded, after the manner disclosed in the record, to a second. Nor are we to be understood as receding in this decision, from the extent to which we have heretofore gone, in refusing to review the exercise of the discretionary power of inferior courts, on the subject of new trials. A distinction necessary to be observed, obtains in this matter, which is, that though the merits, or grounds of an application, (as, for example, the sufficiency of the affidavit of surprise,) will not be examined into, yet the competency of the Court to grant it, (as where it should be granted after two new trials already had) is a proper subject of revision. The error committed in this case, is of the latter kind; and consists not merely in the granting of the new trial, but also in the failure to notify the plaintiff in error of the time at which such new trial would be had; of which, in a case like this, it would be absurd to say, that in legal contemplation he is to be held cognizant, as it was evidently arbitrary with the Justice.

It is a settled doctrine on this subject, that no new trial can be allowed after the rendition of final judgment in the cause. According to our practice, the term of the Court is the limit within which, such

[a] 2 Tidd's P. 926

44

discretionary power is to be exercised; it being considered that the judgment is inchoative, and the record still in the control and power of the Court, until its signature by the Judge, which is the last act of the term, and the consummation of its business. Now, here, this provisional Court had terminated, or at any rate the destiny of the case was fixed beyond the control of the Justice, by the rendition of judgment, as attested by his signature, on the day before any motion was made for the new trial.

It was also erroneous to proceed to judgment in the new trial, as the Justice did, without any notice to the plaintiff in error when it would take place, or waiver of such notice by an appearance; one, or the other of which, is as necessary to uphold the second trial, as to render the first of any binding efficacy.

In any view of the case then, there was error in the Circuit Court in affirming the judgment of the Justice, as last rendered by him; for which the judgment of the said Circuit Court must be reversed, as also the proceedings had before the Justice, after the first judgment rendered by him.