# McELROY v. McELROY.

1. When the county judge impannels a jury to try the question of sanity, where a will is offered for probate, he has the power to set aside the verdict and to grant a new trial, if, in his opinion, the verdict ought not to be permitted to stand.

2. There is no middle ground between capacity and incapacity, to make either a contract or a will, and both, when assailed on the ground of insanity, stand on the same footing.

McElroy v. McElroy.

ERROR to the Orphans' Court of Dallas.

This was a proceeding in the Orphans' Court of Dallas county, upon the last will and testament of James McElroy, the probate of which was contested, on the ground, that the deceased was not of sound mind and disposing memory; and that the will was obtained by undue influence; and a jury being impannelled to try the issues joined between the parties, found in favor of the contestants, and thereupon the court decreed that probate of the will be refused, and that the paper propounded as a will, be set aside, and held for nought.

This decree and verdict, the court, on motion, afterwards set aside and granted a new trial.

The cause coming on to be heard at a subsequent term, the jury found the issues in favor of the plaintiffs, and that the paper propounded by them, was the last will and testament of James McElroy, deceased; whereupon, the same was admitted to probate.

From a bill of exceptions taken during the trial, it appears that the question of sanity being at issue, the contestants introduced testimony tending to show, that at the time of making the will, the testator had not sufficient mind to make a valid will, and on the evidence as to sanity, moved the court to charge the jury that more mind was necessary to make a will, than to make a simple contract; which charge, the court refused, and the contestants, by their counsel, excepted.

The assignments of error are,

1. The granting a new trial.

2. The matter set forth in the bill of exceptions.

G. W. GAYLE, for plaintiffs—cited, [2 Salkeld, 650; Viner's Ab. Trial, 658; 1 Burr, 568; 1 Strange, 113, 394, 499; 1 Johns. Cases, 179, 181, 241; 2 Johns. Rep. 371; 2 Porter, 342.]

EVANS, contra—[4 Chitty's General Practice, 30, 87; 3 Black. Com. 387, 394; Tidd's Prac. 814.]

ORMOND, J.—In England, and in some of the States of the Union, it appears that the power of granting a new trial, after a trial upon the merits of the case, is denied to the inferior courts.

The reason of this, appears to be, that these courts are under the supervision and control of the superior courts, and that when the cause is removed to the higher tribunal, it is *tried de novo*.    [Barr v. White, 2 Porter, 342;] The People v. The Justices of the Del. Com. Pleas, 1 Johns. Cases, 181; Tidd Pr. 816; 1 Burr. 568.]

That branch of the jurisdiction of the county court which is popularly called the Orphans' court, is not an inferior court in this sense of the term; although of limited jurisdiction, its power over the subjects confided to it, is plenary, and in most cases, exclusive, subject to an appeal, or writ of error to the Circuit or Supreme Courts.   It has the exclusive power of determining the validity of wills and testaments, and admitting them to probate, and may impannel a jury to assist in ascertaining whether a testator was of disposing mind and memory.   Having the right to impannel a jury to ascertain this fact, it would seem necessarily to follow, that it had all the rights incident thereto, among which, must be the power of granting a new trial, if the verdict ought not to stand, either from the admission of improper testimony, a wrong exposition of the law, misbehaviour of the jury, a finding against the evidence, or for any of the various causes which would render it proper to grant a new trial.   It is true that in some of the instances here given, the points might be reserved on the record for the revision of an appellate tribunal, but in the great majority of cases, where a new trial ought to be granted that would be impossible, and if practicable, could not be reviewed on error, according to our practice, in an appellate court.

The consequence would be, that great injustice would be done frequently, or a court of chancery would be compelled to interpose, and grant a new trial.   We are therefore entirely satisfied that the county judge may, in such a case, as the present, grant a new trial, whenever, in his opinion, the verdict of the jury ought not to be permitted to stand.

The question presented on the bill of exceptions is, whether the establishment of a will does not require more certain proof of the possession of a sound mind, by the testator, than would be required to fix the liability of the same person to a contract.   We do not think the court erred in answering this proposition in the negative.   In either case, the act would be void, if the actor was not of sound mind, but we know of no rule by which the legal capacity is graduated by the act.

There can be no middle ground between legal capacity and incapacity, to make either a contract, or a will, and both must stand in regard to this question, precisely on the same footing.

Let the judgment be affirmed.