## COLEMAN *vs.* ROBERTSON'S EXECUTORS.

1. A person, possessed of sufficient capacity to attend to his ordinary business, is capable of making a valid will.

2. An instruction to the jury, that an unequal distribution of property by a testator amongst his next of kin is no legal reason for considering it an irrational act, is the assertion of a correct legal proposition, and cannot be regarded as precluding them, in making up their verdict, from a consideration of the character of the will, in connection with the other evidence.

3. If a testator be of sound mind, and the will is not procured by fraud or the exercise of undue influence, he may make such disposition of his property as partiality, pride or caprice may dictate.

4. The capacity requisite to make a valid will or contract is precisely the same.

5. A charge to the jury, that, if they believed "that from the weakness of

mind of the deceased, undue influence had been practiced on him, then the will was not valid," cannot be considered as asserting the proposition that undue influence, unconnected with weakness of mind, is no objection to its validity.

Error to the County Court of St. Clair.

RICE & MORGAN, for the plaintiff in error:

1. The protection of those entitled *by law* to intestates' estates, and the removal from others of temptations to frauds, forbid an over-solicitude to establish wills opposed to the dictates of nature and the feelings of an enlightened community.—Suggett v. Kitchell, 6 Yerg. 430.

2. Where issues are formed on the contest of a will, and there is evidence tending to prove that the testator was eighty years old, that his mind was weak, and that undue influence was used in procuring the will, it is erroneous for the court to charge the jury, " *that a will is unequal* to one's relations is *no legal reason* that it should be considered *an irrational act.*"—Patterson v. Patterson, 6 S. & R. 56; 3 Starkie's Ev. 1708; Roberts v. Trawick, 13 Ala. Rep. 85; Davis v. Calvert, 5 Gill & John. 300.

3. In such a case, it is error to charge " that if the deceased had sufficient strength of mind to attend to his ordinary business, he might make a valid will. That is not a *legal test* of capacity. It may be a circumstance in favor of sanity of mind, but it is not conclusive; it was not for the court to say what weight it carried. Whether he properly attended to his ordinary business, of what nature it was, and what degree of intellect it required to attend to it, were matters for the consideration of the jury.—Irish v. Smith, 8 S. & R. 581; Gass v. Gass, 3 Humph. Rep. 285; 3 Starkie's Ev. 1708-9; Johnson v. Moore, 1 Litt. Rep. 371; Mountain v. Bennett, 1 Cox's Ch. Cases, 355-6.

4. The written law of Alabama (the statute of 1806, Clay's Dig. 596, § 1,) furnishes the rule by which the capacity of a testator is to be measured; and the inquiry on that point must always be, whether at the time of executing the will he was " *of sound mind;*" that is the *only standard* by which the *mental capacity* of a testator is to be ascertained.—Davis v. Calvert, 5 Gill & Johns. 299-300; Harrison v. Rowan, 3 Wash. C. C. Rep. 585-6; Mountain v. Bennett, 1 Cox's Ch. Cases, 355-6; Marsh v. Tyrrell, 4 Eng. Eccl. Rep. 51; Clark v. Fisher, 1 Paige's

Ch. Rep. 173; Dew v. Johnson, 2 South. Rep. 458; Marquis of Winchester's case, 6 Coke's Rep. 23.

5. The last charge given and excepted to could not fail to mislead the jury and prejudice the contestant, because it *limited* the inquiries of the jury as to the exercise of undue influence upon the testator to the *single circumstance* of "the weakness of mind of the deceased!" whereas the law is, that however strong or sound the mind of a testator may be, still, if undue influence is exercised in procuring him to make a will, such will is invalid.—See the cases above cited.

Pope, for defendants:

1. The *charges* of the court below were clearly correct; they are in the very language of the law books. If not sufficiently *explicit*, further and explanatory charges should have been asked. Tompkins v. Tompkins, 1 Bailey's Rep. 93; Heirs at Law of Lee v. Lee's Ex'rs, 4 McCord's Rep. 183; McLeroy v. McLeroy, 5 Ala. Rep. 81; Dornick et al. v. Reichenback, 10 S. & R. 91-2; 3 U. S. Dig. 669-70, §§ 11, 16, 17, 19.

2. All the charges will be taken together, and this court would "not reverse for a supposed want of precision or accuracy of definition, when the thing is from its nature, in a great degree, incapable of being defined."—Dornick et al. v. Reichenback, *supra;* see also Watson v. Anderson, 13 Ala. Rep. 202.

.3 This court will not reverse where the *mere tendency* of a charge is to mislead the jury; it will only reverse if its *necessary* result was to mislead.

DARGAN, C. J.—This was a proceeding in the Orphans' Court of St. Clair to try the validity of the will of John Robertson, deceased. The executors propounded his will for probate, and citations were issued to several persons as the next of kin of the deceased. William A. Coleman alone contested the will, and submitted issues, which a jury were empannelled to try, involving the inquiry of the sanity of the testator's mind at the time the will was executed, and also whether the will was procured by the exercise of improper influence over the testator. On the trial of these issues, a bill of exceptions was signed by the presiding judge, from which it appears that the testator was about eighty years old at the time the will was executed,

and that there was some evidence from which the inference might have been drawn that undue influence had been exerted over him in procuring the will, but there was a conflict of proof on this point. By the will an unequal distribution of the property of the testator was made amongst his children. The court charged the jury—1st. That if the deceased had strength of mind sufficient to attend to his ordinary business, he might make a valid will. 2d. That a will is unequal to one's relations is no legal reason that it should be considered an irrational act. 3d. That the law puts no restrictions upon a man's right to dispose of his property in any way his partialities, pride or caprice may prompt him. 4. That there can be no middle ground between legal capacity and incapacity to make either a contract or a will—that both must stand in regard to this question precisely on the same footing. 5. That if the jury believed that from the weakness of mind of the deceased, undue influence had been practiced on him, then the will was not valid. The jury returned a verdict establishing the will, and these instructions are here assigned as error.

1. We do not apprehend that any one will doubt that a person is capable of making a valid will who possesses sufficient capacity to transact the ordinary business of life. Indeed if we were to deny to individuals the capacity to make wills, who are capable of attending to the ordinary duties and transactions of life, it would be difficult to fix the standard by which the capacity necessary to execute a valid will should be ascertained, if it would not even deny the right of making a will to all who did not possess more than ordinary capacity.

2. The second charge given to the jury is incontrovertibly true as a legal proposition. Every one capable of disposing of his property may make such disposition of it by will as he may see proper, and to hold that an unequal distribution within itself was an irrational act, or an act evincing the want of capacity to make a will, would deny the right to make a will disposing of the property of the testator as he may see fit. We do not understand this to be controverted by the plaintiff in error, but it is contended that this charge under the evidence was necessarily calculated to mislead and did mislead the jury. It is true that if a will is unnatural in its character—if it cuts off the children of the testator, or any of them, from a participation in his estate,

without any reason, this, in connection with other proof, such as extreme old age, mental weakness, or evidence tending to show the exercise of undue influence, is a circumstance or fact to be weighed by the jury in coming to a conclusion whether the testator was of sound and disposing mind, or whether the will was procused by means of undue influence.—Roberts v. Trawick, 13 Ala. 68; Davis v. Calvert, 5 Gill & Johns. 260. If the charge had precluded the jury from weighing the character of the will as matter of evidence under the circumstances, or if they had been instructed that the character of the will could not be considered *under the evidence* in ascertaining whether the testator was of sound mind, or whether the will was made under improper influence, it would have been erroneous. But the charge as given was correct as a legal proposition, and did not deny to the jury the consideration of the character of the will as evidence in making up their verdict. It therefore cannot be said to be erroneous.

3. The third instruction is also in strict conformity with the law. Every person has the right to dispose of his property by will as he pleases, and whether his will be prompted by partiality, pride or caprice, is immaterial, provided the testator is of sound mind and the will is not obtained by fraud or undue influence.— Tompkins v. Tompkins, 1 Bailey, 93.

4. The fourth charge we understand to mean this, that no greater or less degree of capacity is required to make a valid will, than to make a valid contract. Why the contestant should object to this charge, we cannot percieve. We know of no decisions that hold that a testator may have sufficient capacity to enter into a contract, but yet deny that such capacity is sufficient to enable him to make a will. But the precise point has heretofore been decided by this court, in the case of McElroy v. McElroy, 5 Ala. 81. In that case, it was said that the same degree of capacity was required to make a will that was requisite to enter into a valid contract; that there was no middle ground between capacity to enter into a contract and the capacity required to make a will—both must stand, as to the question of capacity, precisely on the same footing.

The last charge excepted to is, that if the jury believed that from the weakness of the mind of the deceased, undue influence had been practised on him in obtaining the will, then the will

was not valid.   There is certainly no error in this charge.   The argument of the plaintiff's counsel supposes that it affirms the law to be, that undue influence exercised in obtaining a will was no objection to its validity, unless this undue influence was also connected with weakness of mind of the testator.   We do not so understand the charge, nor do we think the jury could have possibly put that construction upon it.   The fair and reasonable interpretation of the charge is, that if undue influence had been practised upon a weak mind in obtaining the will, then it was not valid.   If the contestant had thought that the evidence before the jury required the instruction that undue influence exercised over the mind would render the will void, without regard to the character or strength of mind of the testator, he might have requested this charge to be given.   All the instructions are in conformity with law, and the judgment must be affirmed.