Judge Underwood
delivered the Opinion of the Court..
This was an action of debt, upon an injunction bond, against several defendants. Issue was taken upon the plea. of non est factum filed by one of them. Upon the trial of this issue, the court instructed the jury, “ that the bond sued on, being official, its attestation was prima facie evidence of its due execution by the defendant George L. Robards.” The propriety of this instruction is the 1 J only question.
The general, if not invariable rule, is, that the plea of non est factum throws the onus on the party producing the deed. 3 Litt. Rep. 364. Here Wolfe relied on the bond as the foundation of his action. Were it conceded to be the presumption, resulting from the attestation of the clerk, that the bond was not forged ; still, if the genuine *156 ness of the bond be admitted, that does not identify the person of the defendant, and prove him to be the individual who did in fact execute the bond. The identity of the person is often ah important inquiry. There may be two men- named George L. Robards. Which of the two executed the bond ? Was it the defendant ? It is difficult, if not impossible to conceive how the official character of the bond can afford a satisfactory answer to the questions. The defendant ought not to be required to prove negatively, that he was not the man. But the acts of 1796 and 1798, (2 Dig. 669,) and that of the 24th January, 1827, regulating the taking of injunction bonds, contain no provision expressly requiring the acknowledgment of the bond before the clerk, and that he should attest it officially. Although it is in practice best that he should attend to the execution of the bond, and witness it, and even if it be inferrible from the tenor of the acts, and particularly the last, that it is his duty to do so, we should nevertheless, in conformity to a long settled rule, be disposed to require proof of the execution of the bond by the defendant, when he puts in the plea of non est factum.
Clerks are not required by stat>-ute, to attest injunction bonds —hence such attestation is not strictly official: tho1 very proper.
Instruction that no state ofproof could warrant, is ground for reversal, thoughit does not appear what the evidence was, to which it was intended to apply.
It is contended, that the judgment ought not to be reversed, because the bill of exceptions does not state the evidence upon which the court predicated the instruction. We are of opinion, that the instruction could not be sustained under any imaginable proof. Whether the evidence, if indeed any was introduced, was strong or weak, the instruction was calculated to aid the plaintiff in a manner unauthorized by law. It seems to have been designed to supersede the necessity of introducing proof on the part of Wolfe.
Judgment reversed, with costs, and cause remanded for a new trial.