MAY TERM, 1838.

Hughes v. Ellison. were liable to M. for the amount of these notes, as so much money paid to the use of the estate.

---

## HUGHES v. ELLISON.

1. Unless a bill of exceptions purports to recite the whole evidence in a cause, the appellate court cannot undertake to say whether the court below should have granted a new trial or not.
2. It is error in the court to instruct the jury to find for the defendant, such an instruction virtually taking the whole case from the jury.

*Wilson* of Cooper, for appellant:

The plaintiff in error insists that the court erred:

1. In permitting defendant's testimony to go to the jury—1 Starkie's Evidence, 165.

2. In instructing the jury to find for the defendants—Mora v. Carter, 3 J. R. 271; Nichol v. Munford, 4 J. R. 529; Brooks v. Marbury, 11 Wheaton. 78, 232; Rudenberge v. White, 1 J. C. 156; Conard v. Atlantic Insurance Co. 1 Peter's 449; Brooks v. Marbury, 78, 225, 235, 11 Wheaton.

*Hayden* and *Quarles*, for appellees:

The appellant moved the court to grant a new trial, which motion was overruled; to all which opinions of the court the appellant excepted.

The question for the decision of the supreme court is, whether the circuit court erred in giving the instruction asked for by the appellee? The appellee contends that the court did not err, for the following reasons:

It will be seen, by reference to the record in this case, that the deed of assignment under which the appellant asserts title to the goods attached in the suits against Dobyns and McCune, was executed on the 15th September, A. D. 1837. A part of the property intended to be conveyed by this instrument was attached under the attachment law, at the suit of divers creditors of Dobyns and McCune, on the 21st of September, A. D. 1837, and before Dobyns had delivered possession of the same to the appellant.

It is believed to be a well established principle of law, that to pass a valid and indefeasible title to personal property, as against creditors, it is necessary that delivery of possession should be made by the vendor to the vendee. While possession of personal property remains with the vendor after a sale of it, such property is still liable to attachment or execution by his creditors. This doctrine is sustained, not only by the English courts, and the courts in the different States, but is sustained to its fullest extent in this State; and a sale of chattels, unaccompanied with delivery of possession, is fraudulent against creditors—see Rocheblave v. Potter, 1 Mo. Rep. 561; Foster v. Wallace, 2 Mo. Rep. 231; Sibley v. Hood, 3 Mo. Rep. 290; Sanfear v. Summers, 17 Mass. Rep. 110; Sturtevant v. Ballard, 9 Johnson's R. 337; Edwards v. Harbin, 2 Term Rep. 587; Hamilton v. Russell, 1 Cranch, 309.

If the delivery of possession be necessary to effectuate title to chattels, the appellant in this action can have no title to the property attached, as his vendor did not at the time of executing the aforesaid deed of assignment, nor at any time since, deliver possession of the same to him; but Dobyns himself was in possession at the time of executing the said writs of attachment.

McGirk, Judge, delivered the opinion of the court.

This case was an attachment commenced before a justice of the peace of Cooper county, by Ellison against

MAY TERM,
1838.

Unless a bill of exceptions purports to recite the whole evidence in a cause, the appellate court cannot undertake to say whether the court below should have granted a new trial or not.

It is error in the court to instruct the jury to find for the defendant, such an instruction virtually taking the whole case from the jury.

one Dobyns. Hughes interpleaded, and became thereby a party. Judgment was rendered against him; and he appealed to the circuit court, where judgment was rendered against him; and he appeals to this court. It appears from the record that issues were made between the parties, and a jury trial was had, and a verdict and judgment were found against Hughes. He then moved for a new trial, and in arrest of judgment, both of which motions were overruled. As to the arrest of judgment, we do not perceive any ground on the record for that motion; and as to the new trial, the bill of exceptions does not show that all the testimony is preserved. There may have been other evidence not on the record which may make the verdict right. For want, therefore, of the fact being stated in the bill of exceptions, that all the evidence given is in the bill, we cannot look into that matter.

The next point made is, that the court instructed the jury to find for the defendant, which they did. Ellison by his counsel asked the court to instruct the jury to find as in case of a non-suit. Then the court instructed the jury to find for the defendant. This instruction, according to the opinion of this court in the case of Sibley v. Hood, took the whole case from the jury. It is said that what was done here amounts to a demurrer to evidence. If it should be so considered, (which I do not agree to,) yet, owing to the defect in the bill of exceptions in not stating what the whole evidence was, we cannot know how the matter should have been decided. But because the instruction was wrong, the judgment ought to be reversed; and the other Judges concurring herein, the same is reversed, and remanded for a new trial.