### CAWTHORN *vs.* MULDROW.

The judgment of the Circuit Court will not be reversed for giving erroneous instructions, where the evidence is not preserved in a bill of exceptions.

APPEAL from Audrain Circuit Court.

HICKMAN, *for Appellant.*

1st. The Circuit Court erred, in giving the instruction asked by attorney for Muldrow, and in refusing to give the instructions asked by attorney for Cawthorn. —Rev. Stat., p. 86, sec. 14.

2d. After an attachment is dissolved, or a verdict found for defendant, the proceedings are vacated, and an appeal does not reinstate the same.—13 Johnson, 139.

3d. After an attachment is dissolved, or verdict for defendant, the officer who has possession of the property, by surrendering the same to the defendant in attachment, (without waiting ten days, to see if the plaintiff appeals,) does not render himself liable for the property so surrendered.—See 1 Mon., 153.

No evidence offered to the jury was preserved by the bill of exceptions, but it is not necessary, in the disposition of the question now presented.—See Hughes *vs.* Ellison, 5 Mo. Rep., 110; 1 Dana, Robards *vs.* Wolfe, 155.

Kirtley, *for Appellee.*

This was an action, instituted before a justice of the peace, on an account, with an attachment. The case went to the Circuit Court by appeal, and on the trial in the Circuit Court, it seems, from the record, that instructions were asked by both the plaintiff and defendant, which are preserved by bills of exceptions, but the attorney for the plaintiff has wholly forgotten to preserve any of the evidence on which said instructions were predicated. This, I suppose, puts an end to any inquiry here, into the correctness or incorrectness of the decisions of the Circuit Court, and its judgment will be affirmed.

Tompkins, J., *delivered the opinion of the Court.*

This is an action commenced by George F. Muldrow, before a justice of the peace, in Audrain county, against Alfred Cawthorn. The account filed, and on which the suit was brought, is for money due to the State of Missouri, for the use of Muldrow, on Cawthorn's official bond. These are the particulars:

"For suffering property to escape, when levied on by attachment___$29 53
"Costs in said suit_____ 20 98."

Muldrow obtained a judgment before the justice, and Cawthorn appeals to the Circuit Court. In that court, Muldrow again had a judgment; and from that judgment of the Circuit Court, Cawthorn appealed to this Court. Each party prayed the Circuit Court to give instructions to the jury, some of which were given, and others refused. Cawthorn moved for a new trial, on the ground that the Circuit Court erred, in giving the instructions asked by Muldrow, and in refusing to give those asked by Cawthorn. Mr. Hickman, for Cawthorn, admits, that "No evidence offered to the jury was preserved by bill of exceptions;" and he contends, that it is not necessary in the disposition of the questions presented by him, and he relies on the authority of the case of Hughes *vs.* Ellison, 5 Mo. Rep., 110, and Robards *vs.* Wolfe, 1 Dana, 155.

In the latter case, the action was founded on an injunction bond. Issue was taken upon the plea of *non est factum:* upon the trial of this issue, the Court instructed the jury, that the bond sued on being official, its attestation was *prima facie* evidence of its due execution by the defendant, Robards. The propriety of this instruction was the only question. It was contended, that the judgment ought not to be reversed, because the bill of exceptions did not state the evidence upon which the court predicated the instruction. The court say that instruction could not be sustained, under any imaginable proof. The report of the case shows that the bond was sued on: it must have been produced in evidence, to show its attestation: all this appearing on the record proper, it was not necessary, for the information of the court, that it should be preserved in the bill of exceptions. The late Judge McGirk, delivering the opinion of the court, in the above cited case of Hughes *vs.* Ellison, says, "The next point made is, that the court instructed the jury to find for the defendant. This instruction, according to the opinion of

the court in the case of Sibley *vs.* Hood, took the whole case from the jury. It is said here, that what was done amounted to a demurrer to the evidence. If it should be so considered, which I do not agree to, yet, owing to the defect in the bill of exceptions, in not stating what the whole evidence was, we cannot know how the matter should have been decided." In a previous part of this opinion, it had been stated, that the bill of exceptions did not show that all the testimony was preserved. It is in vain, then, to appeal to those two cases to sustain the position, that the judgment of the Circuit Court may be reversed for error committed in giving instructions where no evidence is preserved in the bill of exceptions; for, in the case cited from Dana, it appears on record that a bond· was given in evidence, and that is preserved without the aid of a bill of exceptions; and in the case of Hughes *vs.* Ellison, it is said, that all the evidence was not preserved. If no evidence had been preserved, it would have been so stated. The only principle decided in this case is, the Court cannot usurp the rights of the jury.

The judgment of the Circuit Court is affirmed.