FLOERSH vs. THE BANK OF MISSOURI.

1. Unless the giving or refusing instructions, or admitting or rejecting evidence, be made the ground of a motion for a new trial, the action of the Circuit Court as to those matters will not be looked into.

2. Unless the action of the Court in giving or refusing instructions, or in admitting or rejecting evidence, be excepted to, its action upon those questions cannot be brought into question by a motion for a new trial.

## ERROR to St. Louis Circuit Court.

CARROLL & GIBSON, *for Plaintiff.*

POLK, *for Defendant, insists:*

1. The bill of exceptions in this case, does not on its face purport to contain *all* the evidence in the cause.

But unless the bill of exceptions gives all the evidence in the cause, this Court upon the authority of its own decisions "will not interfere with the decision of the Circuit Court and order a new trial"—Vaughan vs. Montgomery, 5 Mo., 529; Hughes vs. Ellison, 5 Mo., 110.

2. The instructions given by the court below, were not excepted to by the plaintiff, and nothing occurring on the trial can be assigned for error in the Supreme Court, except what was made the subject of exception in the court below. Swearingen vs. Newman, 4 Mo. R., 456; Robinson & McMurray vs. Shepard, 8 Mo. Rep., 136; Vaulx vs. Campbell, ex'r., 8 Mo. Rep., 224; Shelton vs. Ford, *et al.*, 7 Mo. R., 209.

3. Nor is this cured by the motion for a new trial in this case. For it is not assigned as a reason in support of that motion, that the court give illegal instructions to the jury. And even if exception had been taken to the instructions at the time they were given, the plaintiff could not avail himself of any error committed in giving the instructions, unless he had moved for a new trial and assigned as reason for his motion the giving such illegal instructions. Higgins vs. Breen, 9 Mo. Rep., 501.

4. Even if the Circuit Court erred in not permitting the witness to state the grounds of the nonsuit in the case of Floersh vs. Hoiltzle, see pages 33 & 35 of record; still, as the bill of exceptions does not contain *all* the evidence, the plaintiff in error cannot avail himself of that error in this Court. Magehan vs. Orme & Spears, 7 Mo. R., 4.

McBRIDE, J., *delivered the opinion of the Court.*

Jacob Floersh brought an action of assumpsit against the Bank, in the Circuit Court of St. Louis county. The declaration beside the common count, contained several special counts, charging that the plaintiff deposited with the Bank for collection, a negotiable promissory note, dated the 10th February, 1842, payable two months thereafter, at the said Bank, for the sum of $550, executed by one Loimstroom to Charles F. Hoetzel, and by him endorsed to Edward Warrens, and by said Warrens endorsed to the plaintiff; which said note so deposited with the said Bank, the Bank failed to have presented and duly protested for non-payment until the 14th April, 1842, whereby the endorsers were released from their liability, &c. A trial was had which resulted in a verdict and judgment for the Bank, whereupon the plaintiff moved to set aside the verdict, and for a new trial for the following reasons, to wit:

1. Because the verdict of the jury was against law and evidence.

2. Because the jury decided and rendered their verdict against, evidence and the weight of evidence.

The court overruled the motion, to which decision of the court the plaintiff excepted, and has brought the case here by writ of error.

Several questions arose on the trial in the court below, to the decision of which the parties respectively excepted, but as those excepted to by the plaintiff have not been saved in the bill of exceptions, nor assigned in his motion as reasons for a new trial, we are left to presume that they were subsequently abandoned. However that may be, it is manifest that the attention of the Circuit Court was not directed to them, and an opportunity afforded that court, by granting a new trial, to correct the errors, if any had been committed in the progress of the trial. It is due to that court, as well as to the speedy and cheap administration of justice and the convenience of parties litigant, that such an opportunity should be afforded. This could only be done in this case, by a motion for a new trial.

In disposing of the motion for a new trial, the Circuit Court would only pass upon the sufficiency of the reasons assigned and not review its decision upon other questions, not presented in the motion. If this court should now go behind the motion, to see if other reasons do not arise on the record to authorize a reversal of the judgment, it would be deciding the case upon other and different grounds than those submitted to and decided by the Circuit Court, and would very properly subject this court to the imputation of permitting parties to raise new issues here, and have their cases decided upon points entirely different from those decided in the Circuit Court. This would be a perversion of the duties of this court.

Moreover, the only complaint made by the plaintiff, is that the verdict is against evidence and weight of evidence and against law; the defendant has reason therefore to conclude, that those are the only grounds, upon which this court will be invoked to reverse the judgment of the Circuit Court, and consequently comes here prepared to sustain the verdict as being in conformity with the evidence, and the law of the case. But, instead of relying on the issue thus made, the plaintiff endeavors to create a new issue, upon either the improper exclusion or admission of evidence, or the wrongful giving or refusing instructions, thus taking the defendant by surprise, and perhaps unprepared to meet the case in this new aspect.

It is assigned for error, that the verdict of the jury is against evidence, the weight of evidence and against the law.

What principle of law has been violated ? It cannot be *that* contained in the instruction of the court, for the instruction not having been excepted to on the trial, must be regarded as containing a correct exposition of the law *of this case.*

After the repeated adjudications of this court, refusing to set aside verdicts and grant new trials, where there is contrariety of evidence, it would appear unnecessary to notice this assignment of error at this time, nor would it now be considered or commented upon, but for the purpose of pointing out an omission in the bill of exceptions. The bill of exceptions after setting out the tes imony of several witnesses, examined in open court, and an exemplification of a record in the case of Floersh vs. Warrens, a prior endorser of the note sued n, concludes as follows : "The defendant introduced no testimony, and on the plaintiff's evidence being closed, asked the following instructions." This is by no means conclusive that the evidence set out is all that was offered by the plaintiff on the trial. It is stated that the defendant offered no evidence, and that far, it is sufficient; but what follows only shows that the plaintiff asked certain instructions after he had closed his evidence, and whether the whole evidence offered by the plaintiff is embraced in the bill of exceptions is it to inference. The language used is consistent with either state of facts, and leaves this court in doubt, whether the whole or a part of the evidence is mbodied in the bill of exceptions, 5 Mo. Rep., 110, 529.

We are led to the conclusion, from an examination of the evidence set out, that a portion of the evidence given upon the trial, is omitted, otherwise the la n iff offered no evidence of legal title to the note sued on, at the time of commencing his suit, except the possession of it. He was once the owner by purchase from Warrens, to whom it was endorsed by Hoetzel the payee thereof; but the plaintiff's name appear on the back of the note as endorser, and also the names cf Kimm, Tewes & Harves, in pencil, and the note was by them deposited in the Bank for collection. How did they become possessed of the note? They must have acquired it from the plaintiff by l is endorsement, a id if so, then the legal title to the note in question was in them, a o the plaintiff failed to establish his right to maintain his action against the Bank.

For the foregoing reasons, the judgment of the Circuit Court ought to

be affirmed, and the other members of the court concurring in the affirmance, the judgment is affirmed.

NAPTON, J..

Where a motion for a new trial presents as a ground for the action of the Circuit Court, that the verdict is against law, the propriety of the instructions given or refused, is involved in the determination of that question. Had the instructions in this case been excepted to, I should think the motion for a new trial sufficient to bring up all the points designed to be raised. I concur in affirming the judgment.