Peck, J.
The charge asked by the plaintiff in error, if pertinent to the facts proved on the trial, was substantially correct, and'should have been delivered to the jury. And the qualification annexed by the court, if there was any evidence to sustain it, was-also correct, and should have been given to the jury. Indeed, the- *14 • court would have failed to discharge its whole duty in the premises, in omitting the qualification, if there was any evidence tending to show that the other parties to the bill had, before the execution of the bill, been accustomed to transact firm ^business of a like character, in their individual names, with the defendant as their surety.
But it is claimed that there was no evidence before the jury which required or even authorized the qualification annexed by the court, in its charge. If this be true, the court certainly erred in giving it ..against the wishes of the plaintiff. And we can readily perceive how such a qualification, emanating from the court, might prejudice the plaintiff.
“The judge must confine himself, in his remarks, to the law and ■ evidence in the case. So far from being under any obligation to • call the attention of the jury to a conjectural state of facts, it would be highly improper for him to do so.” 3 Graham & Waterman on N. T. 824; Jones v. Eason, 2 Iredell, 331; Bovard v. Christy, 2 Harris (Penn.), 267; Bathune v. McCrary, 8 Ga. 114; 1 Dana, 155, 273; Fay v. Grimstead, 10 Barb. 321.
In the case cited from 10 Barb., the court say: “Jurors are con.•stantly inclined to look to the opinion of the judge for instruction .as to what is and what is not evidence.” . . “When he tells them to determine a given problem from the evidence before them, they -can hardly do otherwise than infer that, in his judgment, there is evidence upon which their verdict, when given, may rest.” Fay v. Grimstead, 10 Barb. 321.
Was there.any evidence before the jury which warranted the ■ court in making this qualification? The court seem to assume that there was evidence before the jury tending to show that the firm, ■during its existence, had been accustomed to transact firm business ■of a like character in their individual names, and that the defendant had knowledge of this mode of its doing business, “ by having done ¡similar business with the firm.” The bill of exceptions certainly does not disclose the fact that any such evidence had been offered to the jury.
. It is said, however, that inasmuch as the bill of exceptions does not profess to set out all the evidence offered on *the trial, we .are bound to presume,’ in support of the charge, that there was ■evidence submitted to the jury which justified the court in giving -the qualification. The bill, as the law requires, discloses so much *15 of the evidence as indicates the propriety of the charge asked by the plaintiff; and in common fairness, it would seem that when the court, against the protest of the plaintiff, has annexed an important qualification to that charge, it should state, in the bill of exceptions, enough of the testimony to show that the qualification is also relevant. We are not prepared to say, however, that the presumption should not be made in support of the charge when the bill of exceptions is silent on the subject, neither affirming nor denying that such evidence had been submitted to the jury; but it can not obtain in a case like the one at the bar, where the bill of exceptions, fairly construed, negatives the presumption that any such testimony had been offered. If such presumption may properly arise where the record is silent as to the testimony offered, it would be preposterous to apply it whore the record shows, affirmatively, that no such evidence was produced. The bill of exceptions states that no evidence was offered “ to show that they (the former partners) had at any time drawn bills on partnership account in the individual names of the partners;” and can we now, in support of the fitness of the ■charge, presume, in the face of this negative, that such evidence had been submitted to the jury? Certainly not. It would be preposterous to do so.
It is said, however, that though there might be ho evidence to •show that they had ever given a bill of exchange for partnership purposes in their individual names, there may have been testimony -tending to show that they had given a bond or sealed bill in their individual names for the joint account. Bills of exception should be reasonably and fairly construed. A reviewing court is not required to stultify itself to save the rulings of the court below. Any one would clearly understand, from the bill of exceptions, *that no evidence had been offered of the previous execution by the former partners, for the use of the firm, of paper similar to that which formed the basis of the plaintiff’s claim against the defendant.
It has been repeatedly held in Ohio, that affixing seals to such an instrument does not vary the commercial characteristics of the paper. 5 Ohio, 222; Wright, 583. It is still a bill of exchange, and so denominated. But were it otherwise, in ordinary cases it must still be regarded as a bill of exchange, within the meaning of the bill of exceptions. The very paper under consideration is denominated a bill of exchange in the bill of exceptions, and must therefore be held to come within the class of paper as to the making *16 of which no evidence was offered. In the earlier part of the bill of exceptions it is stated, that “ the plaintiff, to maintain the issue on his part, offered in evidence to the jury, a bill of exchange as follows and then copies the paper, signatures, seals, and all, which the counsel of defendant now call a bond, and seek to distinguish from the bills of exchange alluded to in the latter part of the same-bill of exceptions. It is manifest, we think, from the bill of exceptions, that there was no evidence before the jury, that the firm, during its existence, had been accustomed to transact firm business-of a like character, in their individual names. The charge is based upon a mere conjectural state of facts, entirely without the testimony, and the court, as we have seen, were not warranted in making such conjectural facts the 'bases of a qualification to the charge-asked by the plaintiff, and properly arising out of the facts in evidence.
The judgment of the district court is therefore reversed, and the-cause remanded for farther proceedings
Brinkerhoff, C. J., and Scott, Sutfiff, and G-holson, JJ., concurred.