## THE STATE v. PEAK, *Appellant*.

1. **Practice.** Objections to admission of evidence come too late when made for the first time in the motion for a new trial.

2. **Criminal Law : SELF-DEFENCE.** Where, in a trial for homicide, it appears that the defendant commenced the difficulty, or brought it on by a wilful or unlawful act committed by him at the tim    or that he voluntarily entered into the difficulty, he cannot claim    at the killing was done in self-defence, and in such case it makes no difference how imminent the peril might have been in which the defendant was placed during the difficulty.

3. **Evidence : DEFENDANT'S STATEMENTS.** Where, on the trial in a criminal case, the state proves statements of the defendant made after the commission of the offence, he is entitled to the benefit of what he said for himself, if true, as is the state to the benefit of what he said against himself. What he said against himself the law presumes to be true, because made against himself. But what he said for himself the jury are not bound to believe, because said

in a conversation proved by the state, and may believe it, or disbelieve it, as it may be shown to be true, or false, by the evidence in the case.

*Appeal from Sullivan Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

No brief for appellant.

*D. H. McIntyre*, Attorney General, for the state.

(1) The objection to admission of evidence comes too late in the motion for a new trial. *State v. Blan*, 69 Mo. 317; *State v. Williams*, 77 Mo. 310; *State v. Burnett*, 81 Mo. 119. (2) The seventh instruction given for the state, has been sanctioned in the following cases: *State v. Linney*, 52 Mo. 40; *State v. Underwood*, 57 Mo. 40; *State v. Brown*, 64 Mo. 367. (3) The ninth instruction correctly defines manslaughter in the third degree. R. S., sec. 1244. (4) The twelfth instruction for the state also correctly declares the law. *State v. Talbott*, 73 Mo. 547; *State v. Curtis*, 70 Mo. 594; *State v. West*, 69 Mo. 401.

EWING, C.—The defendant was indicted at the November term, 1881, of the circuit court of Sullivan county, for murder in the second degree, for the killing of one James R. Harbolt, in said county, on the third day of October, 1881. He was arraigned at the same term of court, and pleaded "not guilty," and being then put upon his trial was convicted of manslaughter in the third degree, and his punishment assessed at imprisonment in the penitentiary for the term of three years. He appealed to this court.

I. The evidence was all admitted without objection, nor was any evidence which was offered rejected by the court. It was too late to make any points upon the ad-

mission, or rejection of testimony in the motion for new trial, and the point cannot be made in this court for the first time. *State v. Blan,* 69 Mo. 317; *State v. Williams,* 77 Mo. 310: *State v. Burnett,* 81 Mo. 119.

II.   It is alleged in the motion for new trial that the court erred in giving instructions numbered seven, nine, ten and twelve, as follows:

"7. If the jury find, from the evidence, that defendant and deceased had a difficulty which resulted in the death of the deceased, and that defendant commenced the difficulty, or brought it on by any wilful and unlawful act of his committed at the time, or that he voluntarily, and of his own free will and inclination entered into the difficulty, then there is no self-defence in the case, and they should not acquit on that ground; and in such case it makes no difference how imminent the peril might have been in which the defendant was placed during the difficulty."

"9.   If the jury believe from the evidence, beyond a reasonable doubt, tha⌣ defendant killed deceased with a knife, which was a dangerous weapon, in a heat of passion, and without a design to kill him, they will find him guilty of manslaughter in the third degree, unless they further find from the evidence that such killing was done in self defence, in which event they will find him not guilty."

The tenth instruction simply declares the punishment for manslaughter in the third degree. Sec. 1251, R. S., 1879.

"12.   The jury are instructed, that in considering what the defendant said after the fatal act, they must consider it all together.   He is entitled to the benefit of what he said for himself, if true, as is the state to the benefit of what he said against himself in any conversation proved by the state.   What he said against himself the law presumes to be true, because against himself.   But what he said for himself the jury are not bound to believe, because said in a conversation proved by the state.   They may believe it or disbelieve it, as it

may be shown to be true or false, by the evidence in the case."

Instruction numbered three, asked by defendant and refused by the court, is as follows: "Although the jury may believe that defendant did stab and kill deceased at the time and place mentioned in the indictment, yet if they further find that at the time of stabbing, deceased was assaulting defendant with a club, block, or other weapon, apparently sufficient to inflict death, or real personal injury on defendant, that defendant was thereby inspired with fear of personal and immediate injury therefrom, then, and in that event, he had a right to use all necessary means at his command, to protect himself from the threatened injury, and if in so doing he killed deceased in order to protect himself from said threatened injury, then he was justifiable in so acting."

The seventh instruction has been sanctioned by this court in the following cases, and was not erroneous: *State v. Linney*, 52 Mo. 40; *State v. Underwood*, 57 Mo. 40; *State v. Brown*, 64 Mo. 367. The ninth gives a correct definition of manslaughter in the third degree (R. S., 1879, sec. 1244), which was proper under the evidence which shows the killing was done with a dangerous weapon, in a heat of passion, without a design to effect death, and that it was not justifiable or excusable. The twelfth instruction is sanctioned by this court in *State v. Talbott*, 73 Mo. 347; *State v. Curtis*, 70 Mo. 594. The third instruction asked by the defendant, and refused, was given in a more unobjectionable shape in the defendant's second instruction, and it was not error to refuse the third.

These are all the objections made by the defendant in his motion for a new trial, and upon the whole case there is no error for which the judgment below ought to be reversed. The defendant is under bond to abide the decision of this court on this appeal. The judgment is affirmed. All concur, except Henry, O. J., absent.