# McLendon *v.* Bush.

### *Action of Detinue.*

1. *Trial and its incidents; failure to reserve exceptions can not be cured by a motion for a new trial; appeal.*—A failure to reserve exceptions to the rulings of the trial court upon the evidence, or to the giving or refusing of charges, at the time such rulings are invoked, and made, can not be cured by a motion subsequently made for a new trial, so as to render such rulings revisable on appeal.

APPEAL from the Circuit Court of Choctaw.

Tried before the Hon. GESNER WILLIAMS, Special Judge.

This was an action of detinue, brought by the appellee against the apellant, to recover certain personal property described in the complaint.

From a judgment in favor of the plaintiff the defendant appeals. The facts of the case are sufficiently stated in the opinion.

W. F. GLOVER, for appellant.

R. P. ROACH, *contra.*

HARALSON, J.—This is an application for a new trial under section 434 of the Code.

What purports to be a bill of exceptions is contained in the transcript, in which all the evidence introduced on the trial is set out. There were no exceptions reserved to the admission or exclusion of evidence, and

none of the charges given or refused are set out, and no exceptions reserved as to any charge of the court. A verdict was found for the plaintiff against the defendant, for the property sued for, or the alternate value of the same, and for the value of the use and hire thereof during the detention, and a judgment was rendered accordingly.    Afterwards, during the term, the defendant moved the court to set aside the verdict of the jury and grant him a new trial, on the ground, that the court had erred in its charge to the jury in the manner set out in the motion, which motion the court overruled, to which ruling the defendant excepted. This was the only exception in the entire case.

The attempt of the defendant was to cure by his motion, his failure to reserve, during the trial, an exception to the part of the court's charge at which he now complains. "Unless the charge or ruling of the court be excepted to, it will be no ground for a new trial; the party by his silence being deemed to have waived it." 3 Graham & Waterman on New Trials, 857-859. Or,—as held by us in *Tobias v. Treist,* 103 Ala. 665,—a failure to reserve an exception to the ruling of the trial court, at the proper time, cannot be cured by a motion made for a new trial, so as to render such ruling revisable on appeal.—*Floersh v. The Bank of Mo.,* 10 Mo. 515; *The State v. Peak,* 85 Mo. 190; *Harvey v. The State,* 40 Ind. 516.

We have been shown no error in the record, and the judgment of the court below will be affirmed.