WALTER S. GARDNER, Appellant, *vs.* LYMAN B. FRIEZE *et als.*, Appellees.

When the probate of a will is resisted on the ground that the will was procured by fraud, duress, and undue influence, the declarations of the testator as to his testamentary intentions are proper evidence, especially when such declarations were repeated from time to time for a long period and down to the date of the will.

APPELLANT'S petition for a new trial.

*November* 23, 1889. DURFEE, C. J. This is an appeal from a decree of the Municipal Court of the city of Providence admitting to probate the will of Phoebe L. Gardner. The will was executed August 3, A. D. 1886, when the testatrix was somewhat over eighty years old. It gives the larger part of her property to three

daughters, and gives to her son, Walter S. Gardner, the appellant, only a trifling legacy. The reasons of appeal alleged are that the will was procured by fraud, duress, and undue influence. On trial in this court the probate was opposed on those grounds. In support of the will the court admitted, subject to exception, testimony to the following effect, to wit: that the testatrix had told her counsel, before the will was executed, that her said son annoyed her by his importunities for money; that he had to pay her money due to her for a dower right, and had several times importuned her to forgive the payments; that he had had his share from his father's estate, and she would give him nothing; that she made these statements at different times during a number of years before the will was made, said counsel having drawn one or more earlier wills; that she made similar statements to the counsel's partner, and also said to him that she always intended to give her property to her daughters, said statements having been made to said partner some years before the will in controversy was executed. The jury returned a verdict sustaining the will. The case is before us for alleged error committed by admitting said testimony.

We do not think the court erred in admitting it. Judge Redfield, in his treatise on the Law of Wills, says it is everday practice, where probate is resisted on the ground of fraud, undue influence, or surprise, to admit the declarations of the testator previously made as to his testamentary intentions, and that, when the will corresponds to the declarations, it excites much less apprehension of improper practices than when it differs from them. 1 Redfield on Wills, *567, *568. Such, so far as we know, has been the practice in this State. It seems to us that no evidence can be more legitimate in disproof of fraud or undue influence, especially if the declarations have been repeated from time to time during a period of years before the making of the will and down to the making. The practice is well supported by authority.

In *Neel et al.* v. *Potter*, 40 Pa. St. 483, the will gave the testator's real estate to his brother Samuel Neel and his nephew James Neel. It was contested on the ground of alleged undue influence by members of the family of the devisees. Evidence was admit-

ted, on the part of the devisees, that the testator had declared at intervals during a period of many years that he intended to leave his farm " in the name of Neel." The evidence was decided by the Supreme Court of Pennsylvania to have been rightly admitted. The court said : " It would strongly rebut the idea of any such influence on the mind of the testator when making his will, if it were shown that he made it in accordance with a long cherished purpose." See, also, *Starrett* v. *Douglass*, 2 Yeates Pa. 46, 51 ; *Irish* v. *Smith*, 8 Serg. & R. 573.

In *Roberts*, *Executor*, v. *Trawick*, 17 Ala. 55, the will was contested for fraud or undue influence, and the court held that declarations made by the testator ten years, and repeated by him five years, before the execution, going to show a fixed and settled purpose to make such a will, were admissible in evidence to rebut the charge of fraud or over persuasion. And in *Pancoast* v. *Graham*, 15 N. J. Eq. 294, where the ground of contest was insanity, the court held that it was confirmatory of the sanity of the testator that his will was reasonable and corresponded with his repeated declarations. See, also, *Allen* v. *Public Administrator*, 1 Bradford, 378 ; *O'Niel* v. *Murray*, 4 Bradford, 311 ; *Patton* v. *Allison*, 7 Humph. 320. So evidence of declarations repugnant to the will have been admitted to impeach it for fraud and undue influence. *Williamson* v. *Nabers*, 14 Ga. 286, 308 ; *Denison's Appeal*, 29 Conn. 399 ; *Hughes* v. *Hughes' Executor*, 31 Ala. 519. If admissible to impeach, such evidence must of course be admissible to support the will. There may be a few contrary decisions, but we think that much the more numerous decisions and the better reasons sanction the admissibility of the testimony.

*Petition dismissed.*

*Henry J. Dubois*, for petitioning appellant.
*C. Frank Parkhurst*, for appellees.