## HUGHES *vs.* HUGHES' EXECUTOR.

| 31 | 519 |
| 127 | 36 |

[CONTEST AS TO VALIDITY OF WILL.]

1. *Opinion and belief of witness held synonymous.*—When a subscribing witness to a will testifies to his *belief* of the testator's mental capacity, and his deposition shows that he used the words as synonymous with *opinion*, the answer will not be suppressed.

2. *Admissibility of former will.*—Where the probate of a will is contested, on the grounds of mental incapacity, fraud, and undue influence, another will, executed by the testator eight years previously, and making a different disposition of his property, is admissible evidence for the contestants. (Overruling *Roberts v. Trawick*, 13 Ala. 68.)

3. *Proof of execution of former will.*—The testimony of one of the subscribing witnesses to a will, executed about fifteen years previously, to the effect that the body of the instrument and his own signature are in his handwriting, although he has no recollection of it aside from the instrument itself, " and that he takes it for granted that said H. [testator] made his mark thereto, as he was unable to write," is, *prima facie*, sufficient proof of execution to let the instrument go before the jury.

4. *Hearsay inadmissible.*—A witness, testifying to the mental incapacity of the testator, cannot be allowed to detail conversations between herself and third persons, relative to the testator and the cause of his eccentricities.

5. *Charge as to effect of inequality of distribution on validity of will.*—A charge to the jury, asserting that an unequal distribution of the testator's property among his children "is no legal reason that it should be considered an irrational act," is not erroneous, though it may be calculated to mislead the jury.

APPEAL from the Probate Court of Pickens.

IN the matter of the last will and testament of Thomas Hughes, deceased, which was executed in South Carolina, in February, 1847; was propounded for probate in February, 1854, by William C. Dunn, the executor therein named, who had married the testator's only daughter; and was contested by Thomas Hughes, the testator's only son, on the grounds of mental incapacity, fraud, and undue influence. The several rulings of the court on the trial of the issue, to which exceptions were reserved by the contestant, may be thus stated:

The contestant moved the court to suppress the answer of one Gondelock, one of the subscribing witnesses to the will, to the fifth direct interrogatory. This answer was as follows: "The said Thomas Hughes was, at the time of signing and publishing the said paper, of sound and disposing mind and understanding, as I do verily believe." One Sims, another subscribing witness, adopted the answers of said Gondelock as his own; and the same answer was objected to in each case. The court overruled these objections, and the contestant excepted.

After the proponent had rested his case, the contestant offered the deposition of one David Johnston, for the purpose of proving the execution by said testator, in 1839, of another will, by which he made an equal distribution of his property between his son and daughter, (the contestant and the proponent's wife,) and appointed the contestant and proponent his executors. This will was made an exhibit to the deposition; and the only proof of its execution was contained in the answer to the third interrogatory, in these words: "He has no recollection, apart from the writing now exhibited to him, bearing date the 21st October, 1839, and purporting to be the last will and testament of Thomas Hughes. The body of the instru-

ment is in deponent's own handwriting, and subscribed by himself, Daniel Thomas and Edward C. Johnston as witnesses; and he takes it for granted that said Hughes made his mark thereto, as he was unable to write, in consequence of a paralytic stroke received some time before; and deponent would not have subscribed his name as a witness thereto, if said Hughes had not declared it to be his last will and testament." The court sustained the proponent's objection to · this answer and the exhibit, when offered separately, "and in connection with the testator's declaration, made before the execution of the will propounded for probate, that he intended to divide his property equally between his son and daughter; and in the absence of evidence, except as shown by the will propounded for probate, of a change of such intention; and in connection with other circumstances tending to show mental incapacity to make the alleged will." The contestant reserved exceptions to the exclusion of this evidence.

For the purpose of proving the testator's mental incapacity, the contestant offered in evidence the deposition of Mrs. Nelly Evans, whose answer to the fourth interrogatory contained this language : "Some persons would ask me, when at my house, when he was very lively, if he was not drunk; and I told them he was not—that he had no liquor with him, and there was none about my house, and I saw no sign whatever." The court suppressed this part of the answer, on the proponent's objection; and the contestant excepted.

The court charged the jury, at the request of the proponent, "that if they believed from the evidence that the testator, by the paper propounded as his will, made an unequal distribution of his property among his children, yet this is no legal reason why it should be considered an irrational act;" to which charge the contestant excepted.

All the rulings of the court above stated, to which exceptions were reserved, are now assigned as error.

34

TURNER REAVIS, for appellant.—1. The answers of Gondelock and Sims should have been suppressed, because they only state the *belief* of the witnesses, not their *opinions*. Their belief may have been founded on information merely.—1 Green. Ev. (8th ed.) 573. Even if belief be held equivalent to opinion, the evidence ought not to have been admitted, because it does not appear that the witnesses had such acquaintance with the testator as would authorize them to express an opinion.—24 Ala. 241.

2. The former will, executed when the testator was sane, consistent with his uniformly declared intentions, and inconsistent with the will propounded for probate, was competent evidence for the contestant, in connection with the other evidence of mental incapacity.—Irish v. Smith, 8 Serg. & R. 573; Love v. Johnston, 12 Iredell, 355; Marsh v. Tyrrell, 2 Hagg. (4 Eng. Ec. 72;) Dodge v. Meech, 1 Hagg. 612, (3 Eng. Ec. 257;) Couch v. Couch, 7 Ala. 524; Gilbert v. Gilbert, 22 Ala. 529 ; Jennings v. Blocker, 25 Ala. 415; Roberts v. Trawick, 17 Ala. 55. This position, it is contended, does not conflict with Roberts v. Trawick, 13 Ala. 68, where the testator's capacity was admitted; but, if it conflict, the authorities above cited, it is submitted, show that case to be wrong. That the proof of the execution of the will was sufficient to let it in as evidence, see Graham v. Lockhart, 8 Ala. 10; 3 C. & H.'s Notes to Phil. Ev., p. 1349, note 929.

3. That portion of the deposition of Mrs. Evans which was suppressed, was admissible evidence as a part of the *res gestæ.*—1 Greenl. Ev. § 101, note 2 ; Irish v. Smith, 8 Serg. & R. 573; 2 C. & H.'s Notes, 585, note 444.

4. There was other evidence before the jury, tending strongly to show the testator's incapacity to make a will, besides the single fact, on which the charge of the court was predicated, that the will made an unequal distribution of the property. The charge was calculated to withdraw the minds of the jury from the other facts, and yet attached no importance to the single fact stated. Its effect was, that an unequal distribution of property is no evidence of incapacity.—1 Jarman on Wills, (3d Am. ed.) 81, 82, and

notes; Roberts v. Trawick, 13 Ala. 68. If the charge given in Coleman v. Robertson, 17 Ala. 85, which seems opposed to this view, can be sustained, it must be on the ground, that there was no other evidence of incapacity than the single fact that the will made an unequal distribution.

S. F. HALE, *contra.*—It is competent for a subscribing witness to give his opinion as to the testator's capacity. 2 Iredell, 79; 1 Greenl. Ev. § 440, note 5; 2 *ib.* § 691. *Belief*, as the word was used by the witnesses, is equivalent to *opinion*.

2. The proof of the execution of the former will was not sufficient to give it validity as a will, nor to authorize its admission as an instrument of evidence.—Dewey v. Dewey, 1 Metcalf, 351.

3. If its execution had been sufficiently proved, it would not have been relevant evidence.—Roberts v. Trawick, 13 Ala. 83; Bunyard v. McElroy, 21 Ala. 315; 4 Wash. C. C. 262.

4. There is no principle of law which would authorize the admission of that part of Mrs. Evans' deposition which was suppressed, consisting of conversations between herself and third persons.

5. The charge of the court is sustained by the case of Coleman v. Robertson's Executors, 17 Ala. 84.

STONE, J.—There is an agreement in this record that the answer of Gondelock to the 5th interrogatory, may be regarded as the answer of Sims; and consequently, the 1st, 2d and 3d assignments of error present but one question. The objection to this answer is, that the subscribing witnesses stated their *belief* that the testator was of sound mind, and not their *opinion* that such was the case. In the connection in which this word is used by the witnesses, there is but little difference between the import of the words, belief and opinion. Neither implies actual knowledge; while each expresses a persuasion or probability of the truth of the proposition, based, in this case, on the evidence furnished by the appearance and

manner of the testator ; corroborated, probably, by a previous knowledge of him.    Mr. Greenleaf seems to use the words convertibly.—1 Greenl. Ev. § 440.    This objection was rightly overruled.

2. The 4th, 5th and 6th assignments may be considered together.    They present the question of the admissibility of a former will of the testator, as evidence for the contesting party, on the trial of the issue *devisavit vel non*.

In the case of Roberts v. Trawick, 13 Ala. 68, 82, our predecessors said : "We can not perceive on what principle the witness Whitron was permitted to give evidence of a will executed by the testator some twelve years anterior to the one in controversy, by which, it is said, the testator made an equal division of his property among his children,"    If this decision be adhered to as a precedent, it is decisive of the 4th, 5th and 6th assignments of error, for they all relate to the same question.    The argument in this case attacks that decision, and we are asked to review it.

I have duly considered this question ; and, while I would prefer to adhere to the above decision, believing as I do that no material injury in practice can grow out of it, my brothers are of a different opinion, and are in favor of overruling it.    I do not myself believe it can be sustained, either on principle or authority.    In the very paragraph from which the above extract is taken, the following language occurs: "If a will be made in conformity to a fixed determination, entertained and expressed for years, this, it is held, is strong proof of capacity."    Couch v. Couch, 7 Ala. 519, is referred to as sustaining this proposition, and does sustain it.    Now, with all due deference, we submit, is it not equally true, if a will be made which is variant from the testator's determination, *entertained and expressed for years*, that this fact is admissible evidence against the capacity of the testator ?    If the *conformity* tend to establish the will, does not the *non-conformity* tend to impair its validity ?    Now, what stronger evidence could be offered, either of this *determination* or its *expression*, than the incorporation of such intention in a former will ?

We have found no authorities which fully sustain this principle in Roberts v. Trawick, while the following adjudged cases hold such evidence admissible: Irish v. Smith, 8 Serg. & Rawle, 573; Love v. Johnston, 12 Ired. 355; Marsh v. Tyrrell, 2 Hagg. 84; Mynn v. Robinson, 2 Hagg. 169; Dodge v. Meech, 1 Hagg. 612.

The case of Stevens v. Vancleve, 4 Wash. C. C. R. 262, is the only authority cited by our predecessors in support of their ruling in the case of Roberts v. Trawick, *supra.* In that case, the question was not quite the same as that here presented. Moreover, the court in that case not only excluded the former will, but also the uniform declarations of the testator, which he had made in favor of the devisee under his will. We agree with that court, in holding that each species of this evidence stands on the same principle, and if one is excluded, the other should be. We think, however, that both should be admitted; and this court held in Roberts v. Trawick, *supra,* that former declarations of the testator were admissible.

We think our predecessors fell into error, in not discriminating between the admissibility and the sufficiency of evidence. It is certainly true, that a testator may change his mind: and the fact of such change will not, *per se,* avoid his will. He may give his property to a stranger, to the exclusion of his children. These circumstances, however, are proper evidence for the jury, on the issue whether the paper propounded is in fact the will of the supposed testator.—Coleman v. Robertson, 17 Ala. 84; Gilbert v. Gilbert, 22 Ala. 529; and see other authorities on the brief of counsel.

3. We think the evidence of the execution of a former will was, *prima facie,* sufficient to let it go before the jury. Whether it in fact was executed, would have been a question for them, under appropriate instructions. After its admission in evidence, the sufficiency of the proof should have been determined by the jury.—See 2 Cow. & Hill's Notes to Phil. Ev. (ed. of 1839,) pp. 1303, 1304; Ross v. Gould, 5 Greenl. 204; Pigott v. Holloway, 1 Binney, 436.

4. There was certainly no error in excluding that portion of the deposition of Nelly Evans which was objected

to. It assumed to detail a conversation between herself and other persons, relative to the testator. She did not testify that the information which she gave during that conversation was true, nor could she testify as to the truth of opinions advanced by others. All persons are legally accountable for their *acts*, and such acts may be the subject of proof. They can not be held accountable for the *opinions* which others may express of their conduct.

4. The charge of the court, to which exception was taken, is in substance the same as that considered in the case of Coleman v. Robertson, 17 Ala. 84. In that case, the charge was held to be free from error, and we do not feel at liberty to depart from the precedent then established. If the charge was calculated to mislead,—and we are inclined to think it was,—it was the duty of the party who thought himself injuriously affected by it, to ask explanatory charges.—Partridge v. Forsyth, 29 Ala. 200, and authorities cited. But, while an unequal distribution of property among children will not, as matter of law, avoid a will; yet it is a circumstance which the jury should weigh in pronouncing on the issue *devisavit vel non*.

For the error in refusing to receive evidence of the former will, the judgment of the probate court is reversed, and the cause remanded.