Seale v. Chambliss.

# SEALE *vs.* CHAMBLISS.

[CONTEST AS TO VALIDITY OF WILL.]

1. *When appeal lies.*—When the venue has been changed in a contested will case, under the act of 1854, (Session Acts 1853–4, p. 71,) an appeal lies from the judgment of the court to which the case has been removed, within thirty days after its rendition.

2. *Execution of bill of exceptions.*—Where the bill of exceptions in a probate case, purporting to have been " signed and sealed in term time," is dated the 16th October, and shows on its face that the case was tried on the 15th, to which day it had been regularly continued, from day to day, after the commencement of the regular term on the 12th, the appellate court cannot presume that the regular term terminated with the trial of the cause on the 15th.

3. *Cross-examination of witness.*—A party against whom a witness is called may, on cross-examination, test the strength and accuracy of his recollection of the matters testified to by him, and show his connection with the facts, the interest he took in the transactions of which he speaks, and his bias or feeling in the cause ; and unless the record clearly shows that improper indulgence was allowed on such cross-examination, or that facts palpably irrelevant and immaterial were elicited, the appellate court will not revise the action of the primary court as to questions permitted.

4. *Relevancy of evidence showing conformity of will with testator's former declarations.* It is always competent for the proponent of a will, the validity of which is contested, to show that it was made in conformity to a fixed determination, entertained and expressed by the testator before it was executed ; and, on the other hand, any evidence is relevant and admissible for the contestant, which tends to show that the will is in conflict with the fixed purposes of the testator, as previously declared by him.

5. *Admissibility of former will.*—A former will, executed by the testator three years prior to the one offered for probate, and making a different disposition of his property, is admissible evidence for the contestant.

6. *Admissibility of proponent's declarations.*—Where the proponent is also the sole legatee and executor under the will, his declarations and admissions are competent evidence for the contestant.

7. *Mode of impeaching witness.*—The testimony of a witness on a point wholly immaterial to the issue cannot be impeached or contradicted.

8. *Same.*—If a witness denies, on cross-examination, that he made a statement as to any matter not relevant to the issue, he cannot be contradicted in reference to it.

APPEAL from the Probate Court of Bibb.

IN the matter of the last will and testament of Mrs. Martha Mink, deceased, which was propounded for probate by James Seale, and contested by William H. Chambliss. The proponent was the executor and sole legatee under the will. The validity of the will was contested on the grounds of mental incapacity, fraud, undue influence, and insufficiency of execution and attestation. The case originated in Shelby county, and was removed, on the contestant's application, to Bibb, where the trial was had. The facts of the case will be sufficiently understood from the opinion of the court. Motions were submitted on the part of the appellee, to dismiss the appeal, and to strike the bill of exceptions from the record.

ALEX. WHITE, J. R. JOHN, and S. LEIPER, for appellant.
I. W. GARROTT, *contra.*

R. W. WALKER, J.—1. The motion to dismiss the appeal is completely answered by the language of the act authorizing changes of venue in contested will cases. The 4th section of that act provides, that if the judgment is rendered in the probate court to which the case has been removed, "and no appeal is taken within thirty days

thereafter, such judgment must be certified by the judge of such probate court, and the will returned to the probate court from which the trial was removed," &c. The right to an appeal from the judgment of the court in which the contest is tried is here expressly recognized, and a period of thirty days prescribed within which the appeal must be taken.—Acts '53–4, p. 71.

2. We must overrule the motion to strike the bill of exceptions from the record. The case had been set for a special term, to be held on 6th October, 1857. The court met on that day, and adjourned regularly, from day to day, until the regular term of the court, which began on the 12th October. On that day an order was made, adjourning the trial to the next day; and similar orders were made from day to day, until the 15th, when, as it appears, the case was tried, and a verdict returned by the jury. The bill of exceptions bears date 16th October, 1857, and purports to have been signed and sealed "in term time." The record shows that the regular term of the court began on the 12th, but does not show that it terminated with the trial of this particular case. We cannot, in the face of the express statement in the bill of exceptions to the contrary, presume that the regular term ended on the 15th, and that the bill of exceptions was not in fact signed and sealed 'in term time.'

3. Many of the exceptions reserved were to questions which the court permitted the contestant to ask on the cross-examination of the witnesses for the proponent. Without noticing these in detail, it is sufficient to say, that this court will not revise the action of the court below as to questions permitted on cross-examination, unless the record clearly shows that improper indulgence was allowed, or that facts palpably irrelevant and immaterial were elicited.—Stoudenmeier v. Williamson, 29 Ala. 558. In this matter, much must be left to the discretion of the judge trying the cause; and his action ought not to be reviewed by the appellate court, except in cases where it is plain that this discretion has been abused, to the injury of the party complaining. While it is difficult, f not impossible, to lay down any general rule as to the

latitude allowable on cross-examination, this much at least is clear—that a party against whom a witness is called, has the right, by cross-examination, to test the strength and accuracy of his recollection of the matters testified to by him, and to show his connection with the facts, the interest he took in the transactions of which he speaks, and his bias or feeling in the case before the court. 1 Greenl. Ev. § 446; Thomason v. Dill, 30 Ala. 454; Campbell v. State, 23 Ala. 44.

4. It is always competent for the proponent to show that the will was made in conformity to a fixed determination, entertained and expressed by the testator before it was executed.—Roberts v. Trawick, 13 Ala. 68.   In like manner, evidence is relevant which tends to show that the will offered for probate is in conflict with the fixed purposes of the testator, as previously expressed by him. Hence, there was no error in allowing the contestant to prove declarations of the testatrix, made through a series of years, to the effect that she intended to leave her property to the contestant.—Hughes v. Hughes, 31 Ala. 519; Gilbert v. Gilbert, 22 Ala. 529; Roberts v. Trawick, 17 Ala. 53–58.

5. The former will of the testatrix, executed some three years prior to the one offered for probate, and making a different disposition of her property, was competent evidence for the contestant.—Hughes v. Hughes, 31 Ala. 519.

6. By the will offered for probate, Seale was made the sole legatee, and appointed the sole executor; and he was the only plaintiff in this suit.   Under these circumstances, his declarations and admissions were clearly competent evidence for the contestant.—Blakey v. Blakey, 33 Ala. 611; Taylor v. Kelly, 31 Ala. 73.

7. Mrs. Seale, a witness for the proponent, stated on her cross-examination, that she was sick at the time of her husband's corn-shucking.   As this was a fact wholly immaterial to the issue before the jury, she could not be contradicted in reference to it; and the court erred in allowing questions to be propounded for this purpose by the contestant to other witnesses.

8. Upon the cross-examination of Willoughby Seale,

he was asked "if he did not tell Mrs. Horton, the morning of the day on which the will was made, that Mrs. Ford and witness' wife thought that Mrs. Mink would not live until 12 o'clock." We will not say that this question was not allowable, as a means of refreshing the witness' memory; but, as the fact brought out in response to it was wholly irrelevant to the issue, the contestant was concluded by the answer given, and could not impeach the witness by contradicting it. The rule is, that if a witness deny having made a statement as to any matter not relevant to the issue, he cannot be contradicted in reference to it.—McIntyre v. Young, 6 Blackf. 496; Blakey v. Blakey, 33 Ala. 611. The court erred in allowing the contestant to impeach the witness on this point.

Many other questions are presented by this record; but they may not arise on another trial, and we will not consider them.

The decree is reversed, and the cause remanded.