# Winston, *et al. v.* Elliott.

## *Contest of Will.*

(Decided Dec. 1, 1910.   53 South. 750.)

1. *Wills; Probate; Questions Determinable; Title to Property.*—On a petition to probate a will with contest thereto the question as to whether the equitable title of the property alleged to belong to the estate was in the testator or in the contestants, as the heirs of his former deceased wife, cannot be tried.

2. *Same; Evidence.*—Where the only issue in the probate of a will was undue influence exerted by the proponent over the testator in procuring the execution of the will, declarations by the testator, made some time before disposing of the property, that he used his first wife's money in purchasing the devised property, were not admissible, since the title of the property devised whether in contestant or testator would have no bearing on the question at issue.

3. *Same; Appeal and Error; Harmless Error; Evidence.*—Where the only issue on the probate of a will was the procuring of the execution of the will through undue influence of the proponent over the testator, it was harmless error to exclude certain declarations of the testator, even if tending to show undue influence, where those declarations together with the other evidence offered or introduced was not sufficient to show such undue influence.

APPEAL from Montgomery Probate Court.

Heard before Hon. J. B. GASTON.

[Winston, et al. v. Elliott.]

Proceedings by Mary Elizabeth Elliott to probate the will of her testator, with contest of same by Mary Louise Winston and others. From a judgment admitting the will to probate the contestants appeal. Affirmed.

GUNTER & GUNTER, for appellant. The court erred in rejecting the testimony as to declarations respecting the property devised.—*Roberts v. Trawick*, 13 Ala. 68; *Stickney v. Adler*, 91 Ala. 201; *Henry v. Hale*, 106 Ala. 84; *Coghill v. Kennedy*, 119 Ala. 641. This cause falls directly within the rules which raise a presumption of undue influence and the presumption is corroborated by all the circumstances.—*McQueen v. Wilson*, 131 Ala. 606; *Bancroft v. Otis*, 91 Ala. 279; *Mullen v. Johnson*, 47 So. 584; *Garrett v. Heflin*, 98 Ala. 615; *Coghill v. Kennedy, supra;* 21 N. Y. 492; 35 N. Y. 25; L. R. C. 6 Ch. Div. 633.

HILL, HILL & WHITING, for appellee. Counsel insist that under rule 32, circuit court practice, the bill of exceptions in this case should be stricken.—Secs. 2863, 5361 and 5438, Code 1907; *Gassenheimer P. Co. v. Marietta P. Co.*, 127 Ala. 184; *L. & N. v. Hall*, 131 Ala. 166. The court did not err in refusing to admit evidence as to the title of the property or the declarations of the testator.—1 Wig. on Evi., parag. 42 and 443-4; *Roberts v. Trawick*, 13 Ala. 68. The evidence did not show such activity in and about the preparations of the will in this case as to raise the presumption of undue influence.—*Henry v. Hale*, 106 Ala. 84; *Mullen v. Johnson*, 47 So. 584; *McQueen v. Wilson*, 131 Ala. 605.

MAYFIELD, J.—This is an appeal from a decree of the probate court of Montgomery county, admitting to probate the will of J. C. Elliott. The probate was contested by appellants, who were children of the testator, on the sole ground of undue influence on the part of

appellee, who was the wife of testator. The issue was tried by the court without a jury, and found in favor of the proponent, who is the appellee.

There were a great number of witnesses examined, many of whom testified at great length. We have no doubt, after a careful consideration of this voluminous record, that the trial court reached the correct conclusion and rendered the proper decree in admitting the will to probate. It could serve no good purpose to discuss it at length. Suffice it to say, it convinces us that the will was properly admitted to probate. It was not shown that the wife was "the dominant spirit and controlling influence of the testator," within the rule declared in the cases of *McQueen v. Wilson*, 131 Ala. 606, 31 South. 94, and *Bancroft v. Otis*, 91 Ala. 279, 8 South. 286, 24 Am. St. Rep. 904. The testimony, on the contrary, showed that the wife was not the dominant spirit in the execution of the will; but that the husband, the testator, was a strong-minded man. We do not think that there can be much doubt, from all this evidence, that the will in question expressed the testator's free wishes as to the disposition of his property; that it was his own will, in truth and in fact, and not that of another. There is likewise little, if any doubt, as to his testamentary capacity at the time he executed the will.

While there is evidence that the wife suggested the making of the will or the arranging of his affairs, and was present when the matter was discussed, there is not sufficient evidence, if, indeed, there is any, to show that she made such suggestions, or used such influence upon the testator, as to the disposition of the property, as to control him in the least in the matter. Reading all the evidence, it sufficiently appears that the testator had testamentary capacity, and that there was no undue influence, but that it was the expression of his own free will.

Whether the equitable title belonged to the testator, or to the heirs of his deceased wife, was a question that the probate court properly declined to try, on the contest of the probate of the will. It appears that this very question was pending in another court for trial.

The court admitted evidence as to the declarations of the testator, made shortly before the execution of the will, that a part of the property disposed of was purchased with money belonging to his first wife, and who was deceased, and who was the mother of contestants, and other declarations that the property belonged to his children, the contestants. The court properly declined to admit declarations of the testator, made long before the execution of the will, and before he had any thought of disposing of the property by will, as to where he obtained the money with which he purchased the property, and as to whether or not he acquired it from his first wife.

It was conceded that the property was conveyed to the testator 25 years before the making of the will. Such testimony was not competent to prove any issue then on trial. It tended to show neither mental incapacity nor duress. It at most only tended to show the equitable or moral rights of the contestants. That court or that trial was not the place nor the time to introduce such proof.

If it should be conceded that the testator used his first wife's money in the purchase of a part of the property bequeathed—and this is the most that the evidence tended to show—it would be no sufficient reason to decline to probate the will in question. If both the legal and equitable title of the property had been in contestants, this would not, of itself, show undue influence in the execution of the will, which was the only question in issue.

[Sheffield Oil Mill, et al. v. Pool, et al.]

If it could be said that it would tend to show undue influence (which we are not prepared to concede), it is certain that it would not have been sufficient, in connection with all the evidence introduced, and that offered, to show undue influence in the execution of the will; and, if error, it was without possible injury.

Finding no error, the decree of the probate court is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.