# Thomas Brothers. *v.* Williams.

## *Assumpsit.*

(Decided Jan. 19, 1911.   54 South. 494.)

1. *Evidence; Secondary Evidence; Contents of Writing.*—Secondary evidence of the contents of a writing is not admissible until a proper predicate has been laid therefor.

2. *Appeal and Error; Presumption.*—In passing on a motion to set aside a verdict, because the amount thereof exceeded the amount authorized by the evidence, the presumption on appeal is that the trial court had in mind all the evidence; and where such evidence does not appear as a whole, this court will, on appeal, presume that it sustained the action of the trial court.

3. *Same; Exceptions; Failure to Reserve.*—Where no exceptions were reserved to the court's ruling on the admissibility of evidence during the progress of the trial, such omission cannot be cured by making such ruling the ground for a motion for new trial, so as to render the rulings revisable on appeal.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by J. T. Williams against Thomas Brothers. Judgment for plaintiff and defendant appeals. Affirmed.

JOHN A. DARDEN, for appellant. The court erred in overruling demurrers to the complainant.—9 Cyc. 712 and 713. Counsel discusses the evidence and insists that the court erred in its rulings thereon, and in denying the motion for a new trial, but cites no authority in support thereof.

RIDDLE, ELLIS, RIDDLE & PRUETT, for appellee. The demurrers were to the complaint as a whole, and one count was in Code form, hence, the demurrer was properly overruled.—*Greil v. Lomax*, 86 Ala. 132; *Gamble v. Sheffield C. & I. Co.*, 79 Ala. 377; *Benny v. Dozier*, 161

[Thomas Brothers v. Williams.]

Ala. 292. The contract was in writing and no predicate was laid for showing its contents by parol.—*Watson v. Kirby,* 112 Ala. 436; *Drennan v. Satterfield,* 112 Ala. 436. The record does not purport to set all the evidence, and hence, all reasonable presumptions will be indulged to sustain the action of the trial court.

SAYRE, J.—Counts 1 and 2 follow substantially the counts for money due by account and for work and labor done as these appear in form 10 under section 5382 of the Code. Count 3 alleges the breach of an express promise to pay for work and labor done; in other words, an express promise to pay, its consideration, and its breach. The demurrer to the complainant, and to each count thereof, was properly overruled.

During his direct examination as a witness in his own behalf, plaintiff (appellee) testified to the terms of the contract between him and the defendants; but he did not say whether the contract had been reduced to writing. Defendants made no suggestion that the contract was in writing, nor did they interpose at the time or later any objection to this testimony. On cross-examination it appeared that the contract was in writing and was in the possession of the defendants. Defendants then exhibited to the witness a printed form of contract, which had blank spaces and was unsigned, and asked him whether the contract between him and them was like the contract shown him. The plaintiff's objection was sustained. The court's ruling must be sustained, if any tenable ground existed, whether assigned or not. The effort of the defendants was to prove the contents of a writing by secondary evidence; no proper predicate having been laid by proof of the loss of the original. There was no error in the court's ruling.

[Thomas Brothers v. Williams.]

Defendants made a motion to set aside the verdict and judgment, on the ground that the verdict was in excess of any amount authorized by the evidence. The bill of exceptions is so prepared that at a casual glance it might seem to contain all the evidence. But that fact does not appear with any certainty. In a number of cases in which bills of exceptions were framed as this one is, construing the bills against the exceptors, it has been held that they did not purport to contain all the evidence.—*Southern Mut. Insurance Co. v. Holcombe,* 35 Ala. 592, 50 South. 1036; *Lamar v. King,* 168 Ala. 285, 53 South. 279. The presumption is that in passing upon the motion the court had in mind all the evidence which had been adduced at the trial.—*Monteagle v. Livingston,* 150 Ala. 562, 43 South. 840. But we do not know what that evidence was as a whole, and it is our duty to presume any state of it which will sustain the ruling of the trial court.

Some rulings on the evidence were assigned as error in the motion for a new trial. But exceptions to these rulings do not appear to have been reserved at the trial, and that omission cannot be cured by a motion for a new trial, so as to render the rulings revisable on appeal.—*McLendon v. Bush,* 127 Ala. 470, 29 South. 56.

It results that the judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.