(88 South. 55)

MOBILE LIGHT & R. CO. v. R. O. HARRIS GROCERY CO.   (1 Div. 406.)

(Court of Appeals of Alabama.   Jan. 18, 1921. Rehearing Denied Feb. 8, 1921.)

1. EVIDENCE ⬤⟩489—OPINION TESTIMONY AS TO VALUE OF TRUCK BEFORE AND AFTER ACCIDENT ADMISSIBLE.

In an action against a street railway for injuries to a motortruck, collided with by a car, testimony as to the market value of the truck just before and just after the accident was admissible, where the witness had qualified by showing he was familiar with the market value of trucks of similar type, etc.

2. WITNESSES ⬤⟩255(10)—WITNESS PROPERLY ALLOWED TO TESTIFY TO VALUE OF REPAIRS TO INJURED TRUCK AFTER REFRESHING RECOLLECTION.

In an action against a street railway for damages to a truck in collision with a car, where on cross-examination plaintiff's witness

testified without objection that in his opinion the repairs to the truck were worth $200, there was no error in allowing the witness, on re-direct examination, over defendant's objection, to look at a memorandum made by him at the time, and to testify that the repair bill for the truck was $190.28.

**3. STREET RAILROADS ⟨key⟩117(8)—NEGLIGENCE IN RUNNING CAR AGAINST TRUCK QUESTION FOR JURY.**

In an action against a street railway for injuries to plaintiff's motortruck struck by a car, whether the street railway's servants in the scope of their employment negligently ran the car along a street near its intersection with another, and as a proximate consequence ran against plaintiff's truck, *held* for the jury under the evidence.

**4. STREET RAILROADS ⟨key⟩117(7)—NEGLIGENT SPEED QUESTION FOR JURY.**

In an action against a street railroad for damages to plaintiff's motortruck, struck by a car, whether the ordinance of the city, limiting street cars to a speed not exceeding 15 miles an hour, was wholly disregarded, and the car run by defendant railway's servants at more than 15 miles an hour, whereby as a proximate result plaintiff's truck was run into and injured, *held* for the jury under the evidence.

**5. TRIAL ⟨key⟩240—INSTRUCTION PROPERLY REFUSED DEFENDANT STREET RAILWAY AS ARGUMENTATIVE.**

In an action against a street railroad for damages to plaintiff's motortruck, struck by a car, charge requested by defendant railway that its motorman was not bound to anticipate that plaintiff's automobile had stopped on its track ahead of the approaching car, and, if the motorman discovered the automobile had been stopped only when it was too late to avoid collision, the jury should find for defendant railway, *held* properly refused, as argumentative.

**6. STREET RAILROADS ⟨key⟩118(3) — INSTRUCTION PROPERLY REFUSED AS MISLEADING.**

In an action against a street railroad for damages to plaintiff's motortruck, struck by a car, instruction, requested by defendant railway, that its motorman was not bound to anticipate that plaintiff's automobile had stopped on its track ahead of the approaching car, and, if the motorman discovered the automobile had been stopped only when it was too late to avoid collision, the jury should find for defendant railway, *held* properly refused as having misleading tendencies.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by the R. O. Harris Grocery Company against the Mobile Light & Railroad Company for damages for injuries to an automobile truck. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 1 alleges that the servants or agents of the defendant, acting within the line and scope of their employment, negligently ran, managed, and operated its said car along Government street at and near the intersec-tion of Government street and Chatham street, and as a direct and proximate consequence thereof the said car of the defendant was with great force and violence run into and driven against said delivery truck, etc.

Count 4 sets up an ordinance of the city of Mobile, requiring cars to be run at a speed not exceeding 15 miles per hour, but this ordinance was wholly disregarded, but was run at a rate exceeding 15 miles per hour at the place described in count 1, with the allegation that as a proximate result the truck was run into and injured.

Charge 15, as refused to the defendant, is as follows:

(15) The jury are charged that the defendant's motorman was not bound to anticipate that the plaintiff's automobile had stopped upon its track ahead of the approaching car, and, if the motorman was performing his duty and discovered that the automobile had stopped upon the track only when it was too late to avoid the collision, then the jury should find for the defendant.

Harry T. Smith & Caffey, of Mobile, for appellant.

The defendant was entitled to the affirmative charge as to count one, since negligence does not furnish a cause of action until it appears to have been the cause of injury. 134 Ala. 293, 32 South. 700; 100 Ala. 426, 14 South. 200; 95 Ala. 399, 11 South. 341. Mere surmise will not do. 131 Ala. 419, 30 South. 774, 183 Ala. 195, 62 South. 759; 183 Ala. 132, 62 South. 757. Under all the evidence it appears that the car could not have been stopped after discovering the truck on the track. Charge 15 should have been given. 146 Ala. 334, 40 South. 106; 103 Ala. 160. Shaw's evidence should have been excluded. 65 Ala. 311.

Stevens, McCorvey & McLeod, of Mobile, for appellee.

The case presented here is very little different from that presented on former appeal. Ante, p. 354, 84 South. 867, and cases there cited. On those authorities, it appears that no error has been committed.

SAMFORD, J. This is the second appeal in this case, and on the former appeal this court undertook at some length to lay down the proper rules as applicable to the facts there presented. M. L. & Ry. Co. v. Harris Gro. Co., 84 South. 867.[1] On the second trial in the circuit court, at which the plaintiff again recovered judgment, the trial proceeded, with marked precision, well within the rules as declared in the former appeal. The facts in this record as applicable to the question presented in this appeal, are entirely similar, and present little change from those appearing in the record of the first appeal.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 354.

[1] The first assignment of error on this appeal is to the action of the court in overruling defendant's objection to the question propounded to plaintiff's witness Shaw, "What in your opinion, was the reasonable market value of this truck just prior to the accident?" The witness had qualified to testify to the value by showing that he was familiar with the market value of trucks of a similar type, and therefore was competent to testify as to value; besides the objection was waived, as no motion was made to exclude the answer.

The above is equally applicable to the second assignment of error, based on the action of the court in overruling defendant's objection to the witness Shaw as to the value of the truck just after the accident.

[2] During the cross-examination of plaintiff's witness Shaw he testified without objection that in his opinion the repairs to the truck were worth $200. On redirect examination this witness was allowed, over the objection of defendant, to look at a memorandum made by him at the time, and to testify, upon refreshing his recollection, that the repair bill for the truck was $190.28. This was not error, and, if so, the one offset the other. Besides, if error, it was without injury.

[3] The insistence is made that the court erred in refusing to give, at the request of defendant, the general charge as to count 1. "Was the defendant's car being run at such speed as that the motorman, keeping a diligent lookout ahead, could have stopped the car within the distance of his range of vision under the conditions existing on the street at the time." M. L. & Ry. Co. v. Harris, supra. So that:

· "If persons or property be upon or dangerously near the track of the street railway, the car may be, with skilled application of stopping appliances, stopped, and injury thereto averted." Anniston Elec. Co. v. Rosen, 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32.

It seems to us that the statement of the foregoing rule as heretofore laid down by this court and the Supreme Court will be sufficient to support the conclusion that the trial court did not err in refusing the affirmative charge to the first count. The surrounding circumstances, the populous thoroughfare, the testimony of Poole that his car had been standing on the track for several minutes, the testimony of other witnesses that the truck was stopped on the track, the nature of the accident itself, all tending to disprove the theory of defendant, that the truck was moving along the track ahead of the street car together with other circumstances not necessary to here enumerate, made this a jury question.

[4] Nor did the court err in refusing to give, at the request of defendant, the general

charge as to the fourth count. There was evidence from which the jury might have concluded that the street car was being operated at a greater rate of speed than 15 miles per hour, and as a proximate result the accident happened. One witness for defendant testified to a greater rate of speed, and while estimates of speed of vehicles by bystanders are not to be given the greatest weight as evidence, where taken and considered with all the other evidence, and is corroborated by other facts and circumstances, it is of undoubted value. As in this case the truck was demolished, and knocked across the sidewalk into a private yard, strewing the contents of the truck from the point of impact to the place where the truck finally landed, it may be that the character of the accident alone, and the result to the truck would be sufficient to make this a jury question. But it is not necessary here to decide that question, as the other facts and circumstances surrounding the accident clearly make it a question for the jury. Mobile L. & Ry. Co. v. Thomas, 16 Ala. App. 629, 80 South. 693.

[5, 6] Charge 15, requested in writing by defendant, in the first place is argumentative, and for that reason its refusal would have been justified. In the next place the charge has misleading tendencies making explanation necessary in order for the jury to have a clear understanding of its meaning.

It follows from the foregoing that the court did not err in refusing the general charge for the defendant.

This disposes of all the assignments of error. We find no error in the record, and the judgment is affirmed.

Affirmed.