50 So.2d 453

### ESTES v. STATE.
### 6 Div. 81.

Court of Appeals of Alabama.
Jan. 9, 1951.

Rehearing Denied Feb. 7, 1951.

Mitchell & Galin, of Cullman, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

CARR, Judge.

This appeal is based on a bastardy proceeding.

Assignment of error number 3 is:

"The Court erred in overruling appellant's objection to a question which assumed an incriminating or prejudicial fact not in evidence, and in the absence of any offer to prove the same."

This assignment is not sufficiently specific to meet the demands of the applicable rule. Snellings v. Jones, 33 Ala.App. 301, 33 So.2d 371; Arrick v. Fanning, ante, p. 409, 47 So.2d 708.

Assignment of error number 2 is: "The court erred in overruling appellant's motion for a new trial on the grounds that conduct of the Solicitor or the State was so improper and inflammatory as to prevent the appellant having a fair and impartial trial."

Counsel in brief refers to several instances in which he claims injury inured to appellant by questions propounded to witnesses by the prosecuting officer.

In the instances when the court overruled objections, appellant's attorney did not reserve any exceptions. A motion for a new trial cannot be made to function in the manner here attempted.

The authorities follow the rule which provides that in the absence of the requisite exception a motion for a new trial cannot supply the need nor serve the purpose. Smith v. Wolf, 160 Ala. 644, 49 So. 395; Thomas Bros. v. Williams, 170 Ala. 522, 54 So. 494; Bingham v. Davidson, 141 Ala. 551, 37 So. 738; McDuffie & Sons v. Weeks, 9 Ala.App. 282, 63 So. 739; McLendon v. Bush, 127 Ala. 470, 29 So. 56.

We have responded to each assignment which is stressed in brief of counsel. Supreme Court Rule 10, Code 1940, Title 7, Appendix; Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795, 9 A.L.R.2d 974; Arrick v. Fanning, supra.

The judgment below is ordered affirmed.

Affirmed.